**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES E. IVY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:15-cv-02552-JPM-dkv |
| U.S. ATTORNEY'S OFFICE, et al., | ) ) | |
| Defendants. | ) ) ) | |

**ORDER TO MODIFY THE DOCKET,
DENYING MOTION FOR JUDGMENT,
DISMISSING COMPLAINT,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is a civil action filed by Plaintiff, James E. Ivy, Bureau of Prisons inmate number 20294-076, an inmate at the Federal Correctional Institution Beckley in Beaver, West Virginia, and his motion seeking an order of judgment. (Compl., *Ivy v. U.S. Attorney's Office*, No. 2:15-cv-02552-JPM-dkv (W.D. Tenn.), ECF No. 1; Mot. for Order of J., *id.*, ECF No. 6.) For the reasons stated below, the Court DENIES the motion and DISMISSES the complaint with prejudice.

## I. BACKGROUND

### A. Criminal Case Number 05-20188

On May 17, 2005, a federal grand jury returned a single-count indictment charging Ivy, a convicted felon, with possessing an EIG, Model Titan, .25 caliber pistol, on or about February 10, 2005. (Indictment, *United States v. Ivy*, No. 2:05-cr-20188-JPM (W.D. Tenn.), ECF No. 1.)

A jury trial commenced on December 5, 2005, and, on December 6, 2005, the jury returned a guilty verdict on the sole count of the Indictment. (Min. Entry, *id.*, ECF No. 47; Min. Entry, *id.*, ECF No. 48; Jury Verdict, *id.*, ECF No. 50.) At a hearing on March 7, 2006, the Court sentenced Ivy as an armed career criminal to a term of imprisonment of eighteen years and five months, to be followed by a five-year period of supervised release. (Min. Entry, *id.*, ECF No. 59.) Judgment was entered on March 7, 2006. (J. in a Criminal Case, *id.*, ECF No. 60.) The United States Court of Appeals for the Sixth Circuit affirmed. *United States v. Ivy*, 224 F. App'x 461 (6th Cir. 2007).

**B.      District Court Case Number 07-2245**

On April 9, 2007, Ivy filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody in which he contended that his attorney rendered ineffective assistance, in violation of the Sixth Amendment, by (1) failing to file a motion to dismiss; (2) failing to challenge the sufficiency of the evidence on appeal; and (3) failing to challenge the prior convictions used to sentence him as an armed career criminal. (§ 2255 Mot., *Ivy v. United States*, No. 2:07-cv-02245-JPM-tmp (W.D. Tenn.), ECF No. 1.) In an order issued on May 20, 2009, the Court denied the § 2255 motion, denied a certificate of appealability and certified that an appeal would not be taken in good faith. (Order, *id.*, ECF No. 24.) Judgment was entered the same day. (J. in a Civil Case, *id.*, ECF No. 25.) Ivy did not appeal.[1]

---

[1] On November 12, 2015, the Clerk docketed a filing that purports to summarize the civil complaint Ivy filed on August 15, 2015. (Summ., *id.*, ECF No. 27.) That filing was mis-docketed in Case Number 07-2245 because that was the case number Ivy used in the caption. The Clerk is directed to re-file this document in Case Number 15-2552.

### C.     Sixth Circuit Case Number 09-5735

On June 23, 2009, Ivy filed by application with the Sixth Circuit Court of Appeals for leave to file a second or successive motion under 28 U.S.C. § 2255.  (Appl. for Leave to File a Second or Successive § 2255 Mot., *In re Ivy*, No. 09-5735 (6th Cir.), ECF No. 1.)[2]  A corrected application was filed on July 17, 2009.  (Am. Mot. Under 28 U.S.C. § 2244, *id.*, ECF No. 4.) The issues presented were whether the prosecution withheld material, exculpatory evidence and whether counsel rendered ineffective assistance by failing to raise the issue.  (*Id.* at 4.)  On February 18, 2010, the Court of Appeals denied the application.  (Order, *In re Ivy*, No. 09-5735 (6th Cir.), ECF No. 23.)

### D.     District Court Case Number 10-2852

On November 24, 2010, Ivy filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenged his sentence as an armed career criminal ("§ 2241 Petition").  (§ 2241 Pet., *Ivy v. United States*, No. 2:10-cv-02852-JPM-cgc (W.D. Tenn.), ECF No. 1.)  The Court issued an order on November 30, 2010, denying leave to proceed *in forma pauperis* and directing Ivy to pay the habeas filing fee within thirty days.  (Order, *id.*, ECF No. 3.)  Ivy failed to comply with that order.  On January 12, 2011, the Court issued an order dismissing the case without prejudice.  (Order, *id.*, ECF No. 4.)  Judgment was entered on January 14, 2011.  (J. in a Civil Case, *id.*, ECF No. 5.)

### E.     The South Carolina Habeas Petition

On December 22, 2010, Ivy filed a *pro se* petition pursuant to 28 U.S.C. § 2241 in the District of South Carolina in which he asserted that he was erroneously sentenced as an armed career criminal in Criminal Case Number 2:05-cr-20188-JPM ("Second § 2241 Petition").

---

[2] The Application bears the heading for the United States Court of Appeals for the Eleventh Circuit.  At the time, Ivy was incarcerated in a prison located in the Eleventh Circuit.

(Second § 2241 Pet., *Ivy v. Warden, FCI-Edgefield*, C/A No. 2:10-3245-CMC-RSC (D.S.C.), ECF No. 1.) On January 5, 2011, United States Magistrate Judge Robert S. Carr issued a report and recommendation recommending that the petition be dismissed *sua sponte* because the issue presented is not cognizable in a § 2241 petition. (R. & R., *id*, ECF No. 8.) On January 28, 2011, United States District Judge Cameron McGowan Currie adopted the report and recommendation and dismissed the case without prejudice. (Order, *id.*, ECF No. 12.) Judgment was entered the same day. (J. in a Civil Action, *id.*, ECF No. 13.) Ivy did not appeal.

### F.     District Court Case Number 11-2188

On March 10, 2011, Ivy filed  another *pro se* § 2241 petition in this district, in which he argued that his trial counsel rendered ineffective assistance at the suppression hearing and by failing to challenge the armed career criminal enhancement ("Third § 2241 Petition"). (Third § 2241 Pet., *Ivy v. Warden, FCI Edgefield*, No. 2:11-cv-02188-BBD-cgc (W.D. Tenn.), ECF No. 1.) In an order issued on May 3, 2011, United States District Judge Bernice B. Donald denied the § 2241 petition because the issues presented could have been raised in a § 2255 motion, certified that an appeal would not have been taken in good faith and denied leave to proceed *in forma pauperis* on appeal. (Order, *id.*, ECF No. 4.) Judgment was entered on May 3, 2011. (J. in a Civil Case, *id.*, ECF No. 5.) The Sixth Circuit Court of Appeals affirmed. *Ivy v. Warden, FCI Edgefield*, No. 11-5734 (6th Cir. Feb. 13, 2012).

### G.     District Court Case Number 14-2475

On June 19, 2014, Ivy filed a second *pro se* § 2255 motion in which he argued that he was entitled to relief from his sentence in light of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013) ("Second § 2255 Motion"). (Second § 2255 Mot., *Ivy v. United States*, No. 2:14-cv-02475-JPM-dkv (W.D. Tenn.), ECF No. 1.) On April 30, 2015, Ivy

filed a *pro se* motion for leave to amend in which he asked the Court to consider the oral

argument in *Johnson v. United States*, No. 13-7120 (U.S.). (Mot. for Leave to Amend, *id.*, ECF

No. 6.) The Court granted leave to amend on April 30, 2015. (Order, *id.*, ECF No. 7.) On July

2, 2015, Ivy notified the Court of the Supreme Court's decision in *Johnson v. United States*, 135

S. Ct. 2551 (2015). (Notice to Ct., *id.*, ECF No. 8.) On February 23, 2016, Ivy, now represented

by counsel, filed a motion seeking leave to supplement his pending § 2255 motion to add a

*Johnson* claim. (Mot. to Suppl. Pending § 2255 Mot., *id.*, ECF No. 12.) The Court granted leave

to supplement and directed the Government to respond on March 29, 2016. (Order, *id.*, ECF No.

17.) On April 19, 2016, the Government filed a Response, agreeing that Ivy is entitled to relief

under *Johnson*. (Response, *id.*, ECF No. 19.) This matter is pending.[3]

## H.     District Court Case Number 15-2552

On August 19, 2015, Ivy filed his *pro se* complaint, titled "Petition Pursuant to 28 U.S.C.

Section 1331," which the Clerk docketed as an action pursuant to *Bivens v. Six Unknown Federal

Narcotics Agents*, 403 U.S. 388 (1974). (Compl., *Ivy v. U.S. Attorney's Office*, No. 2:15-cv-

02552-JPM-dkv (W.D. Tenn.), ECF No. 1.) In response to the Court's order (Order, *id.*, ECF

No. 3), Ivy submitted an *in forma pauperis* affidavit and inmate trust fund account statement on

---

[3] On February 16, 2016, Ivy filed a motion seeking leave to amend to add a claim for money damages. (Mot. to Amend § 1331 Civil Compl., *id.*, ECF No. 9.) Although the document bears the case number for Ivy's Second § 2255 Motion, it relates to the instant complaint under § 1331. Accordingly, the Clerk is directed to strike the filing from Case Number 14-2475 and re-docket it in Case Number 15-2552.

On February 22, 2016, and March 21, 2016, the Clerk docketed letters from Ivy concerning the filing fee in Case Number 15-2552. (Letter, *id.*, ECF No. 10; Letter, *id.*, ECF No. 14.) Those letters do not mention Case Number 14-2475, for which no filing fee is imposed. The Clerk is directed to strike those letters from Case Number 14-2475. Although the letter received on February 22, 2016, was also docketed in Case Number 15-2552, the letter received on March 21, 2016, was docketed only in Case Number 14-2475. The Clerk is, therefore, directed to re-docket the March 21, 2016 letter in Case Number 15-2552. The Clerk is further directed to add the staff note that appears at ECF No. 15 in Case Number 14-2475 to the docket in Case Number 15-2552.

September 8, 2015 (Appl. to Proceed In Forma Pauperis, *id.*, ECF No. 4). In an order issued on September 10, 2015, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (Order, *id.*, ECF No. 5.) The named defendants are the U.S. Attorney's Office and Assistant United States Attorney Calvin David Biggers, Jr., the prosecutor assigned to Ivy's criminal case.

In his Complaint, Ivy seeks a decision in Case Number 14-2475, his second § 2255 motion. Ivy has asserted claims for violation of his right to due process, false imprisonment and illegal detention. (Compl. at 4, *id.*, ECF No. 1.) He states that "[t]he Plaintiff merely seek[s] action to be taken on his Petition that has been pending for 3 [years]. According to new rulings of [the] Supreme Court and other laws and cases[,] Plaintiff is entitled to Due Process. This delay is a violation of that Process and false detention." (*Id.*)

On January 16, 2016, Ivy filed a motion for leave to amend in Case Number 14-2475 that should have been filed in this case. (Mot. to Amend 1331 Civil Compl., *Ivy v. United States*, No. 2:14-cv-02475-JPM-dkv (W.D. Tenn.), ECF No. 9.)[4] Because the case has not been screened, Ivy is entitled to amend his complaint without leave of Court. Leave to amend is GRANTED. The Clerk is directed to add the United States of America as an additional defendant. In his amendment, Ivy seeks money damages in the amount of $100,000 for the claims presented in his initial complaint. (*Id.* at 1-3.)

On January 25, 2016, the Clerk docketed a letter from Ivy seeking an "order of judgement," which the Court construes as a motion for a default judgment. (Mot. for Order of J., *Ivy v. U.S. Attorney's Office*, No. 2:15-cv-02552-JPM-dkv (W.D. Tenn.), ECF No. 6.)

---

[4] The Clerk has been instructed to file the motion in this case. *See supra* p. 5 n.3.

## II.     THE PENDING MOTION

In his motion filed on January 25, 2016, Ivy seeks an order of judgment.  (Mot. for Order of Judgment, *Ivy v. U.S. Attorney's Office*, No. 2:15-cv-02552-JPM-dkv (W.D. Tenn.), ECF No. 6.)  The Court construes the motion as seeking a default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure.  The motion is meritless.  First, Rule 55(d) provides that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."  Fed. R. Civ. P. 55(d).  For the reasons discussed below, Ivy has no valid claim to relief.  Second, a party may be found to be in default only if said party "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  Local Rule ("LR") 4.1(b)(3) provides that, "[i]n all *pro se* cases where the plaintiff is a prisoner, the Clerk will issue summonses only if directed to do so by the Court following screening pursuant to 28 U.S.C. § 1915A and, if applicable, 28 U.S.C. § 1915(e)(2)(B)."  This Order constitutes the Court's initial screening of Ivy's Complaint, and therefore, Defendants have not been formally served.  Because Defendants have not been served, they have no obligation to answer the complaint and are not in default.  *See* Fed. R. Civ. P. 12(a)(2).

The motion for an order of default is DENIED.

## III.     LEGAL STANDARDS

The Court is required to screen prisoner complaints and to dismiss the complaint, or any portion thereof, if the complaint:

> (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating that "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (alteration in original) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (per curiam))); *Payne v. Sec'y of Treasury*, 73 F. App'x 836,

837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating that "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## IV.  ANALYSIS

Ivy's Complaint does not assert a valid claim against any Defendant. Plaintiff relies on 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1331 is a jurisdictional statute, not an independent cause of action. *McGrady v. U.S. Postal Serv.*, 289 F. App'x 904, 905-06 (6th Cir. 2004) (per curiam); *Drake v. Miller*, Civil Action No. 3:08CV-552-R, 2009 WL 1534673, at *2 (W.D. Ky. May 29, 2009).

The Clerk docketed Plaintiff's complaint as a *Bivens* action because it seeks relief for an alleged violation of his rights under the due process clause of the Fifth Amendment. "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

Ivy cannot sue the United States, the U.S. Attorney's Office, or Biggers in his official capacity under *Bivens*. "Absent a waiver of sovereign immunity, the Federal Government is immune from suit." *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). "[T]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). A waiver of sovereign immunity must be clear and unequivocally expressed. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003); *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33-34 (1992). In order to sue a federal agency or an officer in his or her official capacity, a plaintiff must identify a waiver of sovereign immunity. *Smith v. Bernanke*, 283 F. App'x 356, 357 (6th Cir. 2008); *Toledo v. Jackson*, 485 F.3d 836, 838 (6th Cir. 2007); *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).

The United States has not waived its immunity to suits asserting *Bivens* claims. *Fagan v. Luttrell*, 225 F.3d 658, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) (unpublished table decision); *Miller v. Fed. Bureau of Investigation*, 149 F.3d 1183, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) (unpublished table decision) ("the doctrine of sovereign immunity precludes a *Bivens* action against a federal agency for damages"); *Lundstrum v. Lyng*, 954 F.2d 1142, 1146 (6th Cir. 1991) (per curiam) ("A *Bivens* action may not be maintained against the United States . . . ."); *Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir. 1990). Sovereign immunity also bars *Bivens* actions against the United States or its agencies for declaratory and injunctive relief. *Wolverton v. United States*, 107 F.3d 872, 1997 WL 85153, at *4 (6th Cir. Feb. 26, 1997) (per

curiam) (unpublished table decision); *United States v. Rural Elec. Convenience Coop. Co.*, 922 F.2d 429, 434 (7th Cir. 1991). Any *Bivens* suit against Defendant Biggers in his official capacities is barred by sovereign immunity. *Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007) ("By extension, sovereign immunity also protects the officers and agents of the United States from suit in their official capacities."); *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115 (6th Cir. 1988) (per curiam) ("[T]he bar of sovereign immunity cannot be avoided simply by naming officers and employees of the United States as defendants.").

Regardless of sovereign immunity, a federal agency is not an appropriate defendant in a *Bivens* action. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself.").

Plaintiff cannot sue Defendant Biggers for money damages for any of his actions in the criminal case and its aftermath or for failing to respond to his latest § 2255 motion. Prosecutors are immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "A prosecutor acts within the prosecutorial function anytime he or she is involved in the judicial process, i.e., presenting the state's case." *Summers v. Sjogren*, 667 F. Supp. 1432, 1434 (D. Utah 1987). The doctrine of prosecutorial immunity has been extended to a prosecutor's actions during direct appeal and during post-conviction habeas proceedings. *Warney v. Monroe Cty.*, 587 F.3d 113, 123 (2d Cir. 2009) ("[A]bsolute immunity shields work performed during a post-conviction collateral attack, at least insofar as the challenged actions are part of the prosecutor's role as an advocate for the state."); *Edwards v. Price*, No. 1:09-0025, 2009 WL 1471187, at *2 (M.D. Tenn. May 26, 2009) (holding prosecutor

absolutely immune from suit for moving to dismiss inmate's state habeas petition); *Summers*, 667 F. Supp. 2d at 1434; *see also Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003) (stating, in *dicta*, that "[a]bsolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate").

Even if Plaintiff could sue for money damages for his continued incarceration, his claim would be premature. As the Supreme Court has explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted). Thus, a prisoner has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of an order directing his confinement unless and until any prosecution is ended in his favor, an existing conviction is set aside, or the confinement is declared illegal. *Id.* at 481-82; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). None of these events has occurred in Plaintiff's case.

Finally, although a plaintiff might have a claim for injunctive relief against a government official in his official capacity, *Ex parte Young*, 209 U.S. 123, 159-160 (1908), it is unnecessary

to infer a cause of action under *Bivens* in the circumstances of this case, where Ivy complains that Defendant Biggers failed to respond to his second § 2255 motion. On March 29, 2016, the Court entered an order directing the Government to respond to Ivy's second § 2255 motion by April 26, 2016. (Order, *Ivy v. United States*, 2:14-cv-02475-JPM-dkv (W.D. Tenn.), ECF No. 17.) Because the Government responded on April 19, 2016, before the time period expired, it is not in default. *See* Rule 5(a), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules") ("The respondent is not required to answer the motion unless a judge so orders.").

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Leave to amend is not required where a deficiency cannot be cured. *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014). In this case, because the deficiencies in Ivy's Complaint cannot be cured, leave to amend is not warranted.

Therefore, the Court DISMISSES the Complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court also DISMISSES the complaint under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) to the extent Plaintiff seeks an award of money damages from any Defendant. Judgment shall be entered for Defendants.

## V. APPEAL ISSUES

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. When an appellant seeks to proceed *in forma pauperis* on appeal, the United States Court of Appeals for the Sixth Circuit requires district courts in this circuit to determine whether the appeal would be frivolous. Twenty-eight U.S.C.

§ 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3) (emphasis added).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.

If Plaintiff appeals the dismissal of this case, the Court is required to assess the $505 appellate filing fee. In *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d at 951, the Sixth Circuit set out specific procedures for implementing the PLRA, 28 U.S.C. §§ 1915(a)-(b). Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures outlined in *McGore* and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the second lawsuit filed by Plaintiff that has been dismissed as frivolous or for failure to state a

claim.[5]  This "strike" shall take effect when judgment is entered.  *Coleman v. Tollefson*, 135 S.

Ct. 1759, 1763-64 (2015).

      IT IS SO ORDERED this 4th day of May, 2016.


s/ JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[5] Ivy previously filed *Ivy v. White*, No. 2:09-cv-02092-JPM-cgc (W.D. Tenn.), which was dismissed for failure to state a claim on July 2, 2009.